WM. J. POLLOCK *et al.* v. ALICE AGNER.

1. WAGER — *Liability of Stakeholder.* All money or property placed in the hands of a stakeholder by parties making a wager or bet must be regarded as deposited in his hands without consideration, and before delivery, to be returned on demand to the depositor.

2. STAKEHOLDER AND WINNER — *Both Liable.* Where Mrs. A., a married woman, is the owner of a lot, and her husband has authority from her to sell or dispose of it for $900, and induces her to make and acknowledge a deed to P. as grantee, upon the understanding that she is conveying the lot to P. for $900; and thereupon the husband, without her consent or knowledge, makes a wager or bet with P. upon the result of an election, and in pursuance of such wager or bet deposits the deed, thus made and acknowledged, with F. as the stakeholder, against $600 also deposited with the stakeholder by P., and the husband loses his wager or bet, but before the deed is delivered by F., the stakeholder, to P., the winner, Mrs. A., having just learned of the wager or bet between her husband and P., demands from F., as such stakeholder, the return of the deed of the lot, and the stakeholder, after being secured by P. from all damages resulting from the delivery of the deed, contrary to her wishes, turns the deed over to P., and P. at once sells and conveys the property to an innocent purchaser, so as to prevent Mrs. A. from recovering the same: *Held,* That F., the stakeholder, and P., the winner of the wager, are both liable, under all the circumstances, to Mrs. A. for the value of the property, which was improperly obtained from her without any consideration.

3 EQUITY — *Cancellation of Deed — Decree.* Where an action is brought by a plaintiff against several defendants to set aside and cancel cer-

tain deeds by which he has been deprived of real estate formerly owned by him, but the title of which has been obtained from him wrongfully by two of the defendants; and he prays for an annulment of the various deeds that cloud his title, and for reinvestment of the title, and also prays, if that cannot be done, that he may have judgment against two of the defendants, who wrongfully deprived him of the title, for the value thereof, and no objection is taken to the petition on account of any misjoinder of parties or causes of action, or for duplicity or multifariousness; and the parties submit the case to the court for trial, expressly waiving a jury, and upon the trial it appears that two of the defendants, before the commencement of the action, sold and conveyed to an innocent purchaser, one of the codefendants, the real estate, and that the deeds described in the petition could not be canceled or the title of the property reinvested in the plaintiff, on account of the purchase of the real estate by an innocent party: *Held*, That the court committed no error in rendering judgment for the value of the property against the two defendants who had improperly deprived the plaintiff of his title thereto.

### *Error from Cowley District Court.*

ON and prior to November 6, 1888, Mrs. Alice Agner was the owner of lot 6, block 2, Gilstrap's addition to Arkansas City, in this state. It was worth about $900, and her husband was authorized to sell it at that price. The husband, R. H. Agner, on November 6, 1888, made a wager or bet with Wm. J. Pollock on the result of the presidential election. On that day he had his wife execute a deed to Wm. J. Pollock for said lot 6, reciting $600 as a consideration, telling her, however, that the consideration was $900 and that he was to receive that amount for the property. This deed he deposited with H. P. Farrar, as stakeholder, against a check of $600 which Wm. J. Pollock also deposited at the same time. At the time of such deposit, the following written agreement was entered into by the parties:

"ARKANSAS CITY, KAS., November 6, 1888.

"If Cleveland is elected, the deed is to be delivered to Pollock and the check to Agner, provided, Agner is to first make the title perfect in Pollock, free from all incumbrances, excepting $106. If Harrison is elected, the deed is to be delivered to Pollock, and also the check.

WM. J. POLLOCK.
R. H. AGNER."

The day after the election, the indications were that Cleveland had not been elected, and that R. H. Agner had lost his wager or bet, but the returns were not complete. In two or three days after the election, H. P. Farrar delivered to Pollock the deed and check deposited with him as stakeholder. On the 10th of November, 1888, Wm. J. Pollock and Emma A., his wife, conveyed the lot, together with other real estate, to George L. Beard for the consideration of $7,500. Upon the same day, George L. Beard, Frank L. Beard and wife, executed to Wm. J. Pollock a mortgage on the lot, and other real estate, to secure $7,500. Mrs. Alice Agner, claiming that she had demanded from H. P. Farrar a return of the deed for the lot before he had delivered it to Wm. J. Pollock, and had also demanded a return of the deed from Pollock before his conveyance of the 10th of November, and also the value of the lot, on the 31st day of January, 1889, commenced her action against Wm. J. Pollock and Emma A. Pollock, his wife, Geo. L. Beard and Frank L. Beard and wife, and H. P. Farrar, to have herself declared the owner in fee of the lot, and to have her title cleared from all cloud cast upon it by the foregoing deeds and the mortgage, or any of them. On the 8th of May, 1889, she filed her amended petition, praying that, if the deeds to Pollock and Beard could not be canceled and set aside, then, that she might have judgment against Pollock and Farrar for $900, the value of the said lot 6, with interest from November 6, 1888. Trial was had on the 12th of April, 1890, before the court, both parties waiving a jury. Demurrers were filed to the evidence introduced by Mrs. Agner by all the defendants. The court sustained the demurrers as to all the defendants except Wm. J. Pollock and H. P. Farrar, upon the ground that the proof against the other defendants failed to show that they had any knowledge of the fraudulent transactions disclosed in the petition; the court also holding that the plaintiff was entitled to recover a personal judgment against Wm. J. Pollock and H. P. Farrar for the value of the property described in the deed, which had been deposited with H. P. Farrar, as stake-

holder, and which had been delivered by him to Wm. J. Pollock upon the wager or bet of R. H. Agner. Afterward, the court rendered judgment against Wm. J. Pollock and H. P. Farrar for $875, and costs, to which they excepted. Pollock and Farrar bring the case to this court.

*Perkins & Chandler*, for plaintiffs in error; *W. P. Hackney*, of counsel.

The opinion of the court was delivered by

HORTON, C. J.: It is insisted that, if Mrs. Alice Agner was entitled to recover a judgment in her favor, it should have been for the annulment of the conveyances alleged in her petition and the reinvestment in her of the title to the property; therefore, that the trial court erred in rendering a personal judgment for the value thereof. No objection appears in the record to have been taken to the amended petition on account of any misjoinder of parties or causes of action, or for duplicity or multifariousness. The parties submitted the case to the court for final disposition, expressly waiving a jury. There was no proof offered upon the trial that George L. Beard, to whom the property in controversy was conveyed by Wm. J. Pollock and wife, or the mortgagors of the property, had any notice or knowledge of the wager or bet between R. H. Agner and Wm. J. Pollock. They were innocent parties. At the commencement of this action, George L. Beard, who held the legal title to the property, was the *bona fide* owner and holder thereof. The deed of the property had been obtained from Mrs. Agner without any consideration. Before it was delivered by H. P. Farrar, the stakeholder, to Pollock, he had notice of the illegal transactions between R. H. Agner and Wm. J. Pollock, and, under the decisions of this court, Mrs. Agner was entitled to reclaim and recover the deed, on demand, from Farrar. (*Reynolds v. McKinney*, 4 Kas. 94; *Jennings v. Reynolds*, 4 id. 110; *Cleveland v. Wolff*, 7 id. 184.)

With full notice of all of the rights of Mrs. Agner, ac-

cording to the evidence introduced on her behalf, Farrar delivered the deed to Pollock, and thereby assisted him to convey away the property to an innocent purchaser and deprive Mrs. Agner of the same. Farrar said to R. H. Agner "that he had made himself whole against any damages from Pollock in delivering the deed before he should have done so." There is sufficient evidence in the record showing that Mrs. Agner not only held the legal title to the property at the time of executing the deed, but was the owner thereof, and that H. P. Farrar delivered the deed after the demand was made upon him for it by Mrs. Agner. Under all these circumstances, the trial court committed no error in rendering a personal judgment against both the defendants, Pollock and Farrar, for the value of the property of which she was deprived of her interest and title by them.

Some of the witnesses testified the property was worth $900, others that it was worth $1,000. It was incumbered with a mortgage of $106, which, with interest thereon, amounted to $120 at the time of the conveyance to Pollock. The deed was dated the 6th of November, 1888. There was sufficient evidence to sustain the judgment of $875, as rendered. The judgment will be affirmed.

All the Justices concurring.